UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 18-20444
                             HON. VICTORIA A. ROBERTS

v.

EDWARD AARON HARVEY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 61]

### I.  INTRODUCTION

This matter is before the Court on Edward Harvey's ("Harvey") Motion for Compassionate Release. He asks the Court to reduce his sentence for a supervised release violation to time served because of the COVID-19 pandemic.

Harvey fails to establish extraordinary and compelling reasons warranting release. The Court **DENIES** the motion.

### II.  BACKGROUND

Harvey pled guilty to three counts in the Northern District of California: (1) Advertisement of Child Pornography in violation of 18 U.S.C. § 2252A(a)(3)(B)(1); (2) Transportation and Attempted Transportation of Any Visual Depiction of a Minor Engaged in Sexually Explicit Conduct in violation

1

of 18 U.S.C. § 2252A(a)(1); and (3) Possession of Matters Containing Any Visual Depiction of a Minor Engaging in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4). On October 29, 2007, the Northern District of California sentenced Harvey to concurrent sentences of 144 months in prison for Counts 1 and 2 and 120 months for Count 3, followed by 5 years of supervised release.

On April 13, 2017, the Honorable Edward J. Davila added several special conditions including: (1) compliance with the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.); (2) providing accurate information concerning computer systems, passwords and internet service providers Harvey may have access to; (3) compliance with the United States Probation Department's Computer Monitoring Program; and (4) completion of any sex offender diagnostic evaluations, treatment or counseling programs, and polygraph examinations. Supervision began on May 15, 2018.

Harvey's supervised release was transferred from the Northern District of California to the Eastern District of Michigan on June 25, 2018.

On August 15, 2018, the Court found Harvey violated the terms of supervision because of his willful failure to register as a sex offender. The Court imposed a sentence of 15 months with no term of supervision to follow.

Harvey has served 10 months of that sentence. He has a projected release date of October 15, 2020. He is 50 years old, obese, a former smoker, and is asthmatic.

Harvey exhausted administrative remedies with the Bureau of Prisons. The Government opposes his Motion.

### III.  STANDARD OF REVIEW

The compassionate release statute allows the Court to modify a defendant's term of imprisonment after the defendant has fully exhausted all administrative remedies if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). United States Sentencing Guideline ("USSG") §1B1.13 incorporates by reference 18 U.S.C. § 3582(c)(1)(A) and sets forth this guidance: extraordinary and compelling reasons must warrant a reduction; those reasons can be but are not limited to defendant's medical condition, age, and family circumstances; and the defendant must not be a danger to the community under 18 U.S.C. § 3142(g).

The Court must also weigh the sentencing factors under 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*

3

## IV. ANALYSIS

There is no issue that Harvey exhausted administrative remedies with the Bureau of Prisons. The Court now examines whether Harvey establishes extraordinary and compelling reasons warranting compassionate release, whether he would present a danger to the community if released, and whether the 18 U.S.C. § 3553(a) factors are applicable.

### 1. Harvey's Age and Medical Condition Do Not Establish Extraordinary and Compelling Reasons for Release

Section 1B1.13's Application Note allows for a prisoner's medical condition to constitute an "extraordinary and compelling reason" for a sentence reduction. The requirements are that: (i) the defendant is suffering from a terminal illness; or (ii) the defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process.

Under any of these circumstances, the medical condition must "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13, comment. (n.1) (2018).

Harvey does not meet any requirement.

Harvey says he is 50 years old, a former smoker, and is asthmatic. He cites new data that suggests asthma is associated with longer time on ventilators for hospitalized younger patients (between the ages of 20 and 59 years old) with COVID-19.

In his Reply brief, Harvey says the Centers for Disease Control and Prevention ("CDC") recently acknowledged "consistent evidence (from multiple small studies or a strong association from a large study) that specific conditions" – including obesity with a body mass index ("BMI") of 30 or higher – "increase a person's risk of severe COVID-19 illness." *CDC updates, expands list of people at risk of severe COVID-19 illness,* https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html (last visited Jul. 27, 2020). Harvey tells the Court that he is 6 feet tall and weighs 271 pounds, which results in a BMI level of 36.8 – above the risk level noted by the CDC. This BMI level does increase Harvey's risk of severe illness if he contracts COVID-19.

Concerning Harvey's asthma, the Court acknowledges that asthma is a serious respiratory illness, and that the information regarding COVID-19 is continuously updating and at times conflicting; however, the Court must rely upon the medical community and its current consensus on the risk factors for severe illness.

5

The CDC warns that "moderate to severe asthma" may increase risk for severe illness from COVID-19. *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jul. 27, 2020).

Harvey places his medication summary from the Bureau of Prisons in evidence. It shows an active prescription for an Albuterol inhaler, with instructions for Harvey not to use it daily, but to use as needed to prevent/relieve an asthma attack. [ECF No. 61-9, PageID.579].

At the time he filed his motion, there were no positive cases of COVID-19 at his facility. Harvey submitted a supplemental brief informing the Court that two inmates and two staff members have tested positive as of July 23, 2020.

Harvey's fear of contraction within the facility is understandable; inmates and staff have a reduced ability to practice the social distancing and quarantine recommendations of the CDC. However, Harvey does not allege that he has "moderate" or "severe" asthma and there are no medical records suggesting that Harvey ever displayed symptoms or was diagnosed with "moderate" or "severe" asthma – these are the grades recognized by the CDC as potential triggers for increased risk of severe illness from COVID-19.

Harvey fails to show that his asthma, or his BMI level, "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." USSG §1B1.13, comment. (n.1) (2018).

The Court finds Harvey fails to establish extraordinary and compelling reasons for release.

### 2. Harvey's Prior Conduct Demonstrates He is a Danger to the Community

Even if Harvey established extraordinary and compelling reasons for compassionate release, §1B1.13 of the Sentencing Guidelines cautions that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG §1B1.13(2). Section 3142(g) sets forth the factors the Court must consider in determining whether there are conditions of release that will assure the safety of the community. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

These are the same factors the Court would take into account when weighing the release and detention of any defendant pending judicial proceedings. These factors do not favor release.

While Harvey has completed a substantial portion of his sentence, he is serving a sentence for a supervised release violation which occurred almost immediately after his release from prison for sex crimes.

One of the § 3142(g) considerations is whether the defendant committed any offense while on supervision. Harvey did. The Court does not take this lightly.

The Government directs the Court to decisions where other federal courts declined to grant compassionate release during the pandemic to defendants convicted of crimes involving child pornography. *See Coleman v. United States,* 2020 WL 3039123 (E.D. Va. Jun. 4, 2020); *United States v. Ciccone,* 2020 WL 1861653 (N.D. Ohio. Apr. 14, 2020). In *Coleman,* the petitioner was 62 years old with a heart condition, in addition to mental health issues and a history of alcohol abuse. The court denied Coleman's motion for compassionate release because his release plan did not "adequately protect the public from the potential of a subsequent offense involving child pornography." *Coleman,* 2020 WL 3039123 at *4-5. In *Ciccone,* the court

found that despite his "many infirmities," Ciccone could not show that he is not a danger to the community. *Ciccone,* 2020 WL 1861653 at *3. The court sentenced Ciccone to supervision on February 18, 2014, which included a "no-holds-barred prohibition against access to internet activities of any manner." *Id.* The court later learned Ciccone had internet access that was activated on February 19, 2014 – one day after he was sentenced to intense supervision with no internet access. *Id.*

While on supervised release, Harvey failed to register as a sex offender. Although that was the only violation the Court found he committed, Harvey was charged with numerous other violations including his refusal to attend therapeutic sessions and his questionable conduct with a cognitively impaired woman.

By violating the conditions of supervised release, Harvey demonstrates he cannot abide by Court conditions; he cannot show he will not be a danger to the community if released early.

### 3. The 18 U.S.C. § 3553(a) Factors Are Inapplicable

Even if Harvey presented extraordinary and compelling reasons for release and showed that he would not be a danger to the community, USSG §1B1.13 directs the Court to consider the § 3553(a) factors to the extent they

9

are applicable. These factors include Harvey's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public.

Harvey says these factors support his release because he has: (1) been severely punished for his supervised release violation; (2) had minimal disciplinary issues in the last six months – he received one citation for being in an unauthorized area and another for refusing a work program; and (3) participated in various programming, including classes on real estate planning and welding. He says he has a supportive wife whom he would live with, he earned his GED, and is a certified forklift operator.

Given the Court's findings that Harvey fails to prove there is an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A), and fails to demonstrate he would not be a danger to the community if released, the Court believes no § 3553(a) factor is applicable.

## V. CONCLUSION

The Court **DENIES** Edward Harvey's Motion for Compassionate Release. He will complete his sentence for his supervised release violation.

**IT IS ORDERED.**

Date: July 27, 2020          s/ Victoria A. Roberts
                             Victoria A. Roberts
                             United States District Court Judge